## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **DWIGHT AARON FOSTER** | * | **CIVIL ACTION NO.: 19-281-BAJ-RLB** |
| | * | |
| **VERSUS** | * | **JUDGE: BRIAN A. JACKSON** |
| | * | |
| **NAOYA MORI, TOYO U.S.A., INC.,** | * | **MAGISTRATE JUDGE: RICHARD L.** |
| **SOMPO AMERICA INSURANCE** | * | **BOURGEOIS, JR.** |
| **COMPANY and ABC INSURANCE** | * | |
| **COMPANY** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS
PROPOUNDED TO DEFENDANTS**

**TO:   SOMPO AMERICA INSURANCE COMPANY**
*Through its counsel of record*
Mason Johnson, Esquire
Taylor, Wellons, Politz & Duhe, LLP
1515 Poydras Street, Suite 1900
New Orleans, Louisiana 70112

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, DWIGHT AARON FOSTER, who propounds these Interrogatories and Requests for Production of Documents to Defendant, SOMPO AMERICA INSURANCE COMPANY ("Defendant").

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant is directed to provide full and complete answers. A copy of the sworn answers and documents are to be served not more than thirty (30) days after service of these Interrogatories and Requests for Production of Documents upon the respondent to whom they are propounded. These Interrogatories and Requests for Production of Documents are to be deemed continuing with a specific duty to supplement in accordance with the Federal Rules of Civil Procedure.

# Exhibit "A"

1

## **DEFINITIONS AND INSTRUCTIONS**

### **DEFINITIONS**

The following definitions apply to the defined terms as used in the propounded Interrogatories and Requests for Production of Documents. The definitions also apply to any usage of the defined term elsewhere in the Definitions and Instructions section.

1. Reference to "you" or "your" includes any and all variations of that pronoun, and reference to "defendant" shall be deemed to refer to **Sompo America Insurance Company**, as appropriate, personally, as well as to all employees, attorneys, assigns, agents, representatives or any other person or entity otherwise acting in concert with the defendants.

2. "Person(s)" means all natural persons, corporations, partnerships, sole proprietorships, unions, associations, firms, federations and any other kind of entity.

3. "Petition for Damages", "Petition" or "Complaint" shall mean the complaint or petition which was filed in this action and any amendments and supplements thereto.

4. "Subject accident" means the motor vehicle collision that occurred on **October 31, 2018, on Louisiana Highway 1 South on the south side of the Port Allen Lock in Port Allen, Louisiana**, which forms the basis of this lawsuit.

5. "Identity" when used in connection with a person, firm or corporation shall be deemed to call for the first and last name of such entity, the present or last known address, and such other information necessary to fully identify such person, firm or corporation.

6. "Identify" when used in connection with documents or tangible evidence shall be deemed to call for a complete description of such matters and call for the full name and address of the person preparing it, the name of the person who signed it or under whose name it was issued, the name of each person to whom it was addressed and/or distributed, who has custody or such evidence sufficiently that a subpoena *duces tecum* might issue to compel production thereof, the nature and substance of the document with sufficient particularity to enable it to be identified, the date, or if bearing none, the date of preparation and the physical location of the document and the name of its custodians.

7. "Identify" when used in reference to natural persons, shall mean to specifically state the person or persons' name(s), title, position or office, current business address, current resident address, or most recent known address and such person's telephone number.

8. "Identify" when used in reference to a person other than a natural person, shall mean to state specifically the full name of such entity, its form of organizations, its present address of principal place of business, any and all addresses in the State of Louisiana, any and all other addresses and any and all telephone numbers.

9. "Identify" when used in reference to a conversation, shall mean to specifically state the date on which the conversation occurred, the place where the conversation occurred, the identity of the persons participating in the conversation and the identity of any documents as defined above memorializing or referring to the conversation or which was otherwise referred to in the conversation.

10. "Identify" when used in reference to a recording, shall mean to specifically state the date on which the recording occurred, the place where the recording occurred, the identity of the person(s) participating in the recording and the identity of any documents as defined above memorializing or referring to the recording or which was otherwise referred to in the recording.

11. "Identify" when used in reference to an agreement or contract, shall mean to state the names of each party to the agreement or contract, the date on which it was entered into, the place where it was confected, its terms and/or conditions, its present location, the name and address of its custodian and the substance of the contents thereof. If the agreement or contract has been amended, this must be stated and the above information furnished on each such amendment. In lieu of identifying any agreement or contract, copies thereof may be furnished.

12. "Identify" when used in reference to any act, occurrence, occasion, meeting, transaction, or conduct ("act"), shall mean to set forth the event or events constituting such act, its location, the date and persons participating, present or involved and the documents relating or referring in any way thereto.

13. "Identify" when used in reference to any other discussion, communication, or statement ("discussion") shall mean in addition to the foregoing to set forth the substance of the discussion.

14. "Communication" is used in its broadest sense to encompass without limitation of its generality, statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions and symposia or any other transmittal of information in the form of acts, ideas, inquiries, or otherwise, whether written, oral or otherwise. The term further includes, without limitation, both communications and statements which are face-to-face and those which are transmitted by media such as intercom, telephone, television, radio or computer.

15. "Document" or "documents" is used in its broadest sense and includes writings, drawings, graphs, charts, photographs, phono-records and other data complications from which information can be obtained as well as any written, printed, typed, recorded, reported, pictorial, or graphic matter of every kind and description, both original and copies and all attachments and appendices. Without limiting the foregoing, the terms "Document" and "Documents" shall include all agreement, contracts, communications, correspondence, letters, opinion letters, telegrams, telexes, telefaxes, messages, memoranda, records, reports, books, summaries or other records of personal conversations or interviews, minutes, summaries, or other records of meeting and conferences, statements obtained

from witnesses, summaries or other records of negotiations, other summaries, diaries, diary entries, calendars, appointment books, time records, instructions, work assignments, forecasts, progress reports, statistical data, statistical statements, financial statements, worksheets, work papers, drafts, graphs, charts, tables, accounts, analytical records, consultants' and experts' reports, appraisals, bulletins, notes, notices, marginal notations, notebooks, telephone records, bills, statements, records of obligation and expenditure, invoices, lists, journals, printouts, compilation, tabulations, analyses, studies, surveys, expense reports, microfilm, microfiche, tape or disc recordings, sound recordings, video recordings, film, tape, photographs, programs and data compilations from which information can be obtained (including matter used in data processing) and other printed, written, handwritten, typewritten, recorded, stenographic, computer-generated, computer stored (including e-mail), magnetically-stored, optically-stored, or electronically stored matter, however and by whomever produced, prepared, reproduced, disseminated, or made. The words, "Document" and "Documents" also include all copies of documents by whatever means made, except that where a document is produced, identical copies of it that do not contain any markings, additions, or deletions that are different from the original do not have to be separately produced.

16. Copies of "Documents" that contain any markings, additions, deletions, or any other change from the original, whether material or minor changes, constitute separate documents.

17. "Control" with respect to "Documents" as used in these Interrogatories and Requests for Production of Documents includes, but is not limited to, any document wherein you have possession or have the right to secure the document, or a copy thereof, from another person, whether a party or otherwise, or from a public or private entity having actual physical possession thereof.

18. "All Documents" means every document within a stated category that is within your possession, custody, or control if you have the ability to require production of the document from someone else, whether because of an employment relationship, contract or otherwise.

19. Documents or communications that "relate to" or "related thereto" a given subject means all documents or communications that constitute, contain, embody, comprise, reflect, identify, state, refer to, deal with comment or respond to, describe, analyze, or are in any way pertinent to that subject, including, without limitation documents concerning the presentation of other documents.

20. "Any" refers to all documents, persons, or entities inclusively, not the option of responding as to some but not others.

21. These definitions are intended to incorporate the scope and intent of the Federal Rules of Civil Procedure.

## INSTRUCTIONS

1. Each Interrogatory or Request for Production of Documents is to be read, construed and responded to separately and independently without reference to or being limited by any other Interrogatory or Request for Production of Documents, unless otherwise instructed.

2. In answering these Interrogatories and Requests for Production of Documents, Defendants are requested to furnish all information available to them, including information in the possession of his attorney(s), claims representatives, reinsurers, agents and all person acting on his behalf and not merely such information known to his own personal knowledge.

3. If Defendants cannot answer these Interrogatories and Requests for Production of Documents in full after exercising due diligence to secure the information, they are required to answer these Interrogatories and Requests for Production of Documents to the fullest extent possible, specifying his ability to answer the remainder of the Interrogatories and Requests for Production of Documents, stating what information or knowledge they have concerning the unanswered portions of the Interrogatories and Requests for Production of Documents and stating why they are unable to answer the unanswered portion.

4. The terms "and" and "or" are to be construed either disjunctively or conjunctively, whichever is appropriate, so as to bring within the scope of these Interrogatories and Requests for Production of Documents any information that would otherwise be beyond its scope under the more restrictive of the two alternative readings.

5. The singular form of a word is to be interpreted as plural and the plural form of the word shall be interpreted as singular, whichever is appropriate, so as to bring within the scope of these Interrogatories and Requests for Production of Documents that might otherwise be considered to be beyond its scope.

6. If a claim of privilege is asserted with respect to any of these Interrogatories or Requests for Production of Documents, in whole or in part, or if Defendants are to answer any Interrogatory or Request for Production of Documents on any other ground, specify the exact basis of your claim that such Interrogatory or Request for Production of Documents need not be answered with sufficient specificity to permit the Court to determine the validity of your objection or position.

7. In the event that you file a proper and timely objection to a portion of an Interrogatory or Request for Production of Documents, please respond to all portions of the Interrogatory or Request for Production of Documents that do not fall within the ambit of your objection. For example, if you object to an Interrogatory on the grounds that it is too broad insofar as it covers time periods that you contend are irrelevant to this litigation, you should answer as to all time periods that you contend are relevant.

8. With respect to each communication and piece of information otherwise discoverable under the Federal Rules of Civil Procedure and covered by these requests which you presently contend that you are not required to disclose because of any privilege or work-product doctrine by claiming it is privileged or subject to protection as trial preparation matter, we request that you comply with the Federal Rules of Civil Procedure. In order to do so, you must:

   a. make the claim expressly and state the nature of the privilege asserted (e.g., attorney-client, self-incrimination, work-product, spousal, clergy-client, etc.);

   b. identify all facts, statutes, or rules which you contend support the assertion of such privilege;

   c. identify each person who was present when it was prepared, communicated, or revealed in any manner, or who has seen such document or information, or heard such communication or information; and

   d. identify the date of, parties to, and general subject matter of such document, communication, or information;

   e. describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the Plaintiff, as well as, the presiding Judge to assess the applicability of the privilege or protection.

9. You are obligated to divulge any and all documents which may be in your care, custody, or control or which are in the possession of your agents, subsidiaries, affiliates, employees, accountants, investigators, attorneys, or any other representatives who are subject to your control or direction wherever located.

10. For any document no longer in existence or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located and the reasons. In addition, identify each person having knowledge concerning such disposition or loss and each document evidencing the document's prior existence or facts concerning its non-existence or loss.

11. If you are uncertain as to the meaning of any of the following Interrogatories or Requests for Production of Documents, please state your understanding as to the meaning of the Interrogatory or Request for Production of Documents and answer accordingly.

## INTERROGATORIES

**INTERROGATORY NO. 1**:

Please state the full name, current home address, work address, telephone number, and job title of each person who assisted in preparing Defendants' responses to these Interrogatories and Requests for Production of Documents.

**INTERROGATORY NO. 2**:

Please identify each and every person you believe to have knowledge or information about the events which form the basis of this lawsuit.

**INTERROGATORY NO. 3**:

Please state the full name of the defendant driver, referenced in the police report of this incident as "Naoya Mori", and any previous names, aliases or nicknames; date of birth; place of birth; individual identification number a/k/a "my number"; present residence address; cell phone number; cell phone provider; driver's license number; and the country and city where driver's license was issued.

**INTERROGATORY NO. 4**:

Please identify Naoya Mori's employer at the time of the subject accident by providing the employer's full name, address, and telephone number.

**INTERROGATORY NO. 5**:

Please identify the vehicle that Defendant Naoya Mori was driving at the time of the subject accident, including the year, make, model, owner of the vehicle at the time of the accident, lessee of the vehicle at the time of the accident, if any, and the vehicle's license plate number and its Vehicle Identification Number (VIN).

**INTERROGATORY NO. 6**:

Please state the location that Naoya Mori was traveling from, and the location that he was traveling to, at the time of the subject accident and state the purpose of his travel.

**INTERROGATORY NO. 7**:

Has Naoya Mori been involved in any automobile accidents in the previous ten years? If your answer is in the affirmative, please provide the following information regarding each and every prior automobile accident:

a) The name, address, and telephone number of any person(s) involved;

b) Please state whether a claim was filed by any party, the identity of any entities with whom claims were filed, the parties filing claims, and summarize the result of said claims;

c) Please state whether a lawsuit was filed by any party and furnish the suit number and court of any such suit; and summarize the result of said suit.

**INTERROGATORY NO. 8**:

For any and all insurance agreements or policies of liability insurance and/or excess or umbrella insurance under which the vehicle driven by Naoya Mori, which was involved in the accident which forms the basis of this lawsuit, was insured, not already produced, please state the following:

a) The name of the company or entity providing insurance coverage;

b) The complete policy number of the insurance coverage;

c) The type of coverage;

d) The effective dates of coverage; and

e) The policy limits.

**INTERROGATORY NO. 9**:

Did you, or anyone on your behalf, conduct an investigation of the subject accident or prepare any incident/accident reports in connection with the subject accident?

**INTERROGATORY NO. 10**:

Do you have in your possession any recorded statement(s) made by any party to this lawsuit? If so, please identify any such statements by providing the names of all persons giving such statements, the dates on which they were given, the name, address and telephone number of the person who took the statements, the substance of each statement, and the names of persons who have personal control or custody thereof.

**INTERROGATORY NO. 11**:

Have any statements, written or otherwise, been obtained from anyone interviewed or questioned by you or on behalf of you and/or your attorney concerning the accident at issue in this lawsuit? If so, please identify any such statements by providing the names, addresses and telephone numbers of all persons giving such statements, the dates on which they were given, the name, address and telephone number of the person who took the statements, the substance of each statement, and the names of persons who have personal control or custody thereof.

**INTERROGATORY NO. 12**:

Please state whether Naoya Mori consumed any alcoholic beverage, drug, medicine, narcotic, barbiturate or hallucinogen in the 24 hours prior to the accident which forms the basis of this lawsuit and indicate what substance was ingested or taken, when it was taken, whether it was taken pursuant to a physician's prescription, and for what purpose it was prescribed.

**INTERROGATORY NO. 13:**

Please state whether Naoya Mori was tested for drugs and/or alcohol following the collision which forms the basis of this lawsuit. If your answer is "yes," please indicate how much time elapsed from the time of the collision until the time that the drug and/or alcohol test was administered and state the name of the company and/or the individual that performed such testing.

**INTERROGATORY NO. 14**:

Please state whether Naoya Mori has ever been arrested or convicted of any crime(s), whether felony or misdemeanor, and state the nature of the crime.

**INTERROGATORY NO. 15**:

Please identify each witness you may call at the trial of this matter, and provide contact information for each witness and a brief summary of each witness' anticipated testimony.

**INTERROGATORY NO. 16**:

Do you expect to call any expert witnesses at the trial of this case? If so, please identify each expert you plan to call and state:

a) His or her specialty or field of expertise;

b) The subject matter on which the expert is expected to testify;

c) The substance of the facts on which the expert is expected to rely in providing his or her testimony;

d) Whether a written or oral report has been rendered and, if so, state the date or dates of each report; and

e) Please provide a full and accurate summary of the contents of each report or, in lieu thereof, please attach a copy of all such reports to your answers.

**INTERROGATORY NO. 17**:

Have you consulted, retained or employed an expert or consultant in anticipation of litigation or preparation for trial who is <u>not</u> expected to be called as a witness at the trial of this case? If so, please identify each expert or consultant and sate:

a) His or her specialty or field of expertise;

b) Whether a written or oral report was rendered and, if so, state the date or dates of each report; and

c) Please set forth the contents in full of each report or, in lieu thereof, please attach copies of all such reports to your answers.

**INTERROGATORY NO. 18**:

If you contend that any of the injuries alleged by Plaintiff were not caused by the accident made the basis of this lawsuit, but were in whole or in part due to any prior or subsequent accident, illness or medical condition of whatever nature, identify the basis of your contentions and all other alleged acts or omissions that you contend caused or contributed to Plaintiff's injuries.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1**:

Please produce a copy of any and all photographs, photocopies, motion pictures, video recordings, sketches, drawings, diagrams, or schematics prepared or obtained in connection with the subject accident or any issue to be litigated in the above entitled and numbered lawsuit, including but not limited to such items which depict the accident scene, the vehicles involved in the accident, and the persons involved in the accident.

**REQUEST FOR PRODUCTION NO. 2**:

Please produce a copy of the front and back of Naoya Mori's driver's license.

**REQUEST FOR PRODUCTION NO. 3**:

Please produce any and all statements related in any way to the accident sued upon.

**REQUEST FOR PRODUCTION NO. 4**:

Please produce any and all documents in your possession related in any way to the vehicle identified in your answer to Interrogatory No. 5, including, but not limited to, documents evidencing your purchase, lease, or rental of the vehicle, registration, licensing, maintenance, repairs, modifications, inspections, accident reports, insurance coverage and insurance claims, and any and all other documents related in any way to the ownership or operation of the vehicle.

**REQUEST FOR PRODUCTION NO. 5**:

Please produce the declarations page and certified copy of any policy of excess or umbrella insurance held by Defendant, Naoya Mori, Mr. Mori's employer or its affiliated companies, that was in effect from January 1, 2018 through December 31, 2018.

**REQUEST FOR PRODUCTION NO. 6**:

Please produce a copy of any and all incident or accident reports prepared by you or anyone acting on your behalf in connection with the subject accident.

**REQUEST FOR PRODUCTION NO. 7**:

Please produce any and all insurance agreements or policies not already produced under which any person or entity carrying on an insurance business may be liable to satisfy all or part of a judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**REQUEST FOR PRODUCTION NO. 8**:

Please produce any and all expert records or reports obtained in regard to the claims and allegations stated in the Complaint. If a report has not been prepared, the preparation of a report is hereby requested.

**REQUEST FOR PRODUCTION NO. 9**:

Please produce copies of all documents and exhibits you may introduce into evidence or use for demonstrative purposes at the trial of this matter.

**REQUEST FOR PRODUCTION NO. 10**:

Please produce any documents, reports, claims file, or other written records pertaining to any investigation of the subject accident that are not privileged. Please provide a privilege log for those documents that you claim are privileged.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce any police report or other report or investigation of any governmental agency or private organization relating to the subject accident.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce any and all surveillance of Plaintiff, of any kind and of any nature, including but not limited to any and all records, documents, photographs, audio and/or video recordings, surveillance reports and/or surveillance videos in connection with the subject accident.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any documents identified in response to the foregoing Interrogatories, or which support your answers to the foregoing Interrogatories.

Respectfully submitted:

**EGENBERG, APLC**

_____
BRADLEY EGENBERG (#29848)
650 Poydras Street, Suite 2525
New Orleans, Louisiana 70130
Telephone:	(504) 229-5700
Facsimile:	(504) 617-7911
Email:		jboud@egenberg.com
*Attorneys for Plaintiff Dwight Aaron Foster*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel for all parties via facsimile, electronic mail, and/or U.S. Mail, to each properly addressed and postage prepaid, on this 21st day of February, 2020.

_____
BRADLEY EGENBERG