UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DWIGHT AARON FOSTER**                                          **CIVIL ACTION**

**VERSUS**

**NO. 19-281-BAJ-RLB**

**NAOYA MORI, ET AL.**

**ORDER**

Before the Court is Plaintiff's Motion to Compel Defendant's Discovery Responses (R. Doc. 21) filed on May 12, 2020.  The deadline for filing an opposition has expired. *See* LR 7(f). Accordingly, the motion is unopposed.

On May 6, 2019, Dwight Aaron Foster ("Plaintiff") filed the instant personal injury action. (R. Doc. 1).

On July 8, 2019, the Court issued a Scheduling Order setting, among other things, the deadline to complete non-expert discovery on March 27, 2020. (R. Doc. 17).

On February 21, 2020, Plaintiff served his Second Set of Interrogatories and Requests for Production on the defendant Sompo America Insurance Company ("Sompo"). (R. Doc. 21-2).

On March 26, 2020, Plaintiff's counsel sent a letter to Sompo's counsel setting a telephone conference to discuss, among other things, the lack of responses to Plaintiff's Second Set of Interrogatories and Requests for Production. (R. Doc. 21-3).  The record indicates that counsel held a discovery conference on March 30, 2020, in which Sompo's counsel agreed to provide responses to Plaintiff's Second Set of Interrogatories and Requests for Production by April 13, 2020. (R. Doc. 21-4).  Plaintiff's counsel certifies that the responses were not provided by the time Plaintiff filed the Motion to Compel on May 12, 2020. (R. Doc. 21-5).

The deadline to file any discovery motions with respect to non-expert discovery expired on March 27, 2020. (R. Doc. 27).  "Unopposed discovery may continue after the applicable

deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. Absent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery." LR 26(d)(1).

The record indicates that prior to the close of non-expert discovery on March 27, 2020, the parties stipulated that Sompo's deadline to respond to Plaintiff's Second Set of Interrogatories and Requests for Production was extended to April 13, 2020. While such stipulations with respect to discovery deadlines are generally allowed, they do not operate to extend the Court's deadline to complete discovery and to file related motions. *See* Fed. R. Civ. P. 29(b) ("[A] stipulation extending the time for any form of discovery must have court approval *if it would interfere with the time set for completing discovery*, for hearing a motion, or for trial.") (emphasis added). Plaintiff's Motion to Compel is untimely because it was not filed by the discovery deadline. LR 26(d)(1); *see also Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (affirming the denial of motion to renew discovery filed after the close of discovery where party had been "inexcusably dilatory in his efforts"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline); *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.").

None of the parties sought an extension of the non-expert discovery deadline prior to its expiration.  Furthermore, Plaintiff waited another month after the agreed-upon deadline to provide the discovery responses to seek relief from the Court.  Plaintiff has not set forth good cause for an extension of the non-expert discovery deadline.  Under these circumstances, the Court will deny Plaintiff's Motion to Compel as untimely

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Compel Defendant's Discovery Responses (R. Doc. 21) is **DENIED**.  The parties shall bear their own costs.

Signed in Baton Rouge, Louisiana, on June 9, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**