UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DWIGHT AARON FOSTER                                    CIVIL ACTION

VERSUS

NAOYA MORI, ET AL.                                    NO. 19-00281-BAJ-RLB

RULING AND ORDER

Before the Court is **Motion in Limine to Exclude Plaintiff's Proposed Expert Witness and Report (Doc. 39)** filed by Defendant, Sompo America Insurance Company ("Sompo"). Sompo seeks to exclude evidence and testimony related to the opinion of Plaintiff's proposed life care and vocational rehabilitation expert, Dr. Aaron Wolfson. The Motion is opposed. (Doc. 40). A reply was filed. (Doc. 43). For the reasons provided herein, the Motion is **DENIED**.

I.  BACKGROUND

Plaintiff filed suit against Defendants for injuries allegedly received during a 2018 car accident. (Doc. 40, p. 2). The Court entered an Order on July 8, 2019, mandating that Plaintiff submit expert reports by May 27, 2020. (Doc. 17). The Court required that all expert discovery be completed by September 15, 2020. (*Id.*). Due to the COVID-19 crisis, trial in this matter has been continued to March 14, 2022. (Doc. 50).

Plaintiff timely submitted an expert report, dated December 9, 2019, by Dr. Aaron Wolfson, a life care and vocational expert. (Doc. 39-1, p. 2). Sompo seeks the exclusion of this report because it contains "a myriad of flaws and

1

inconsistencies." (*Id.*). When these alleged inconsistencies were exposed at Dr. Wolfson's September 11, 2020 deposition, Dr Wolfson subsequently submitted a revised report. (*Id.*). This report was submitted the day expert discovery was set to be completed. (*Id.*)

Sompo contends that the December 2019 report and related testimony should be excluded because it is not reliable. (Doc. 39-1, p. 12). Sompo also seeks the exclusion of the revised report, because it was untimely submitted in violation of Federal Rule of Civil Procedure 26. (Doc. 39-1, p. 10). Plaintiff asserts that, despite any alleged conflict regarding the underlying facts and data, Dr. Wolfson's report and related opinions meet the criteria for admissibility under the Federal Rules of Evidence. (Doc. 40, p. 5). Plaintiff also disputes Sompo's argument that the revised report was untimely. (*Id.*).

## II. LEGAL STANDARD

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation omitted).

Rule 16(b) of the Federal Rules of Civil Procedure authorizes a district court to control pretrial discovery through a scheduling order. Courts may also prohibit a party that violates a scheduling order from introducing untimely presented matters into evidence. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37(b)(2)(A)(ii). Where a party fails to provide information required by Rule 26(a), "the party is not allowed to use

2

that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). For those failures that are not substantially justified or harmless, this sanction is "self-executing" and "automatic." FED. R. CIV. P. 37(c)(1), Advisory Comm. Note (1993).

To determine whether a failure to comply with Rule 26(a) is substantially justified or harmless, the court considers four factors: (1) the importance of the witness's testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir. 1989) (citing *Murphy v. Magnolia Elec. Power Ass'n*, 639 F.2d 232, 235 (5th Cir. 1981)).

### III. ANALYSIS

In general, a party has a duty to supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." FED. R. CIV. P. 26(e)(1)(A). The Fifth Circuit has held that "[t]he purpose of supplementary disclosures is just that—to supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998); *See also Sierra Club v. Cedar Point Oil Co.*, 73 F.3d 546 (5th Cir. 1996).

Considering the new information learned during his deposition, Dr. Wolfson's

initial report—by his own admission—"was not as thorough as he would have liked." (Doc. 39-2, p. 60); (Doc. 39-1, p. 13). Dr. Wolfson was unaware that Plaintiff had been treated by a new provider and that Plaintiff was cleared to return to his initial job. (Doc. 43, p. 4). Therefore, Sompo argues that, because the initial report was incomplete, Dr. Wolfson's September 15, 2020 report is a new, untimely report. (Doc. 39-1, p. 11–12). (Doc. 40, p. 15).

Plaintiff does not dispute that Dr. Wolfson's initial report lacked important information. However, Plaintiff argues that the September 15, 2020 report is a permissible supplement to a timely expert report, rendering it admissible under Federal Rule of Civil Procedure 26(e)(2). (Doc. 40, p. 4). In the alternative, Plaintiff contents that even if Dr. Wolfson's report is characterized as a late admission, it is a harmless one. (Doc. 40, p. 18). It is undisputed that Dr. Wolfson's testimony is important to Plaintiff's case. (Doc. 40, p. 19–20).

Regardless of whether the report is a timely supplement, or an untimely new report, Sompo fails to articulate how it will be harmed by the admission of Dr. Wolfson's September 15, 2020 report. Sompo encouraged the Court to "analyze Wolfson's initial report and the report he issued four months after the expert report deadline separately." (Doc. 43, p. 2). The Court has done so. After careful review, the Court finds that Dr. Wolfson's supplemental report is substantially the same as his initial report. *See* (Docs. 39-3, 39-4). The principles and methods used to create Plaintiff's life care plan are identical. The only difference is that Dr. Wolfson analyzed new information that came to light since his initial submission of his report. The

4

opinions outlined in the amended report did not change the scope of the case against Sompo, nor are they significant departures from the information contained within the initial report.[1] Indeed, it reduces Sompo's potential liability in the matter by over $360,000, at a minimum. (Doc. 39-3, p. 10); (Doc. 39-4, p. 9).

In addition, courts are usually inclined to find prejudice when disclosures are close in time to trial. *See Sierra Club*, 73 F.3d at 573. The trial date has now been continued to March 14, 2022. (Doc. 50). There is no prejudice where Sompo has well over a year from the filing of the instant Motion to rebut the opinions within. Further, while Sompo suggests that the Court addressed whether a continuance was warranted, citing the Court's September 17, 2020 Order, this is incorrect. Plaintiff previously filed a motion for leave to extend discovery deadlines "for the specific purpose of deposing Sompo's vocational rehabilitation and life care plan expert, Michael Frenzel." (Doc. 35). The Court's Order solely addressed extending the deadline to depose Frenzel. The Court has not previously addressed a continuance to allow Sompo to conduct limited discovery and inquiry into Dr. Wolfson's September 15 2020 report. Considering the new trial date, it is unlikely that prejudice will result from allowing such a continuance, if one is requested.

Sompo notes that Plaintiff has not justified why Dr. Wolfson was not provided with such crucial information before the expert report deadline, despite the fact that some of the information in the amended report could have been made available to

---

[1] For example, courts have found prejudice where an expert's untimely supplemental report increased a plaintiff's claim by 1800%. *See Lampe Berger USA, Inc. v. Scentier, Inc.*, No. CIV.A. 04-354-C-M2, 2008 WL 3386716, at *1 (M.D. La. Aug. 8, 2008).

Dr. Wolfson prior to the deadline. (Doc. 43, p. 6). Plaintiff does not explicitly address the reason why Dr. Wolfson was not provided information about Plaintiff's treatment and post-accident employment in the months following his initial report—in part, because he argues it is not relevant since Dr. Wolfson eventually was able to amend his report. (Doc. 40). However, because the other three factors weigh heavily in Plaintiff's favor the lack of an explicit explanation alone does not render the admission of Dr. Wolfson's report prejudicial to the Sompo.

As this Motion deals with a potentially untimely disclosure, rather than a complete failure to disclose information, it is within the Court's discretion to exclude these opinions. *See* FED. R. CIV. P. 16(f)(1). The Court declines to do so.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Sompo's Motion (Doc. 39) is DENIED.

Baton Rouge, Louisiana, this 4th day of May, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**